IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH LEE JONES,**

                **Petitioner,**

       v.                                                        **CASE NO. 20-3056-SAC**

**DOUGLAS COUNTY JAIL,**

                **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

The case comes before the Court on Petitioner Joseph Lee Jones's petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner has also filed a number of motions. Petitioner proceeds pro se and requests leave to proceed in forma pauperis. The Court has conducted an initial review of the petition and motions and enters the following order.

**Background**

Mr. Jones states he is a pretrial detainee awaiting a competency evaluation in connection with Case No. 2019-CR-1075 in Douglas County, Kansas. He has been charged with two drug-related felony offenses as well as driving while his license is suspended. Petitioner complains about the amount of time between his arrest and the order for a competency evaluation, the amount of time it takes for the evaluation to occur, and the need for another evaluation when he was previously found to be incompetent. He also complains about an incident that occurred at the Douglas County Jail. Petitioner requests release from custody.

1

## Rule 4 Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Under 28 U.S.C. § 2241(c)(3), the writ of habeas corpus shall not extend to a pretrial detainee with pending state criminal charges unless he is in custody in violation of the Constitution or laws or treaties of the United States.

## Analysis

Under 28 U.S.C. § 2254(b)(1), the Court cannot grant an application for writ of habeas corpus on behalf of a person in state custody unless the applicant shows that (1) he has exhausted the remedies available to him in state court or (2) the state corrective process is either unavailable or ineffective. Accordingly, a petitioner challenging pretrial detention is required to fully exhaust the remedies available in the state courts before seeking relief in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (a habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). To satisfy this exhaustion prerequisite, petitioner must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

In his petition and related filings, Petitioner states that his criminal charges remain active. Mr. Jones presents no evidence or information that he has exhausted remedies available to him in the Kansas courts. The proper procedure for review of Petitioner's claims is to file a petition under K.S.A. § 60-1501 for state habeas relief. Based on documents Petitioner has filed here, it appears

he has attempted to do so but has not successfully gotten a § 60-1501 petition on file. *See* ECF No. 5, at 12. Despite his difficulties, he presents no evidence to suggest that the available state court processes are ineffective or futile. Accordingly, the Court finds that Petitioner's claims should be dismissed, without prejudice to his filing another federal petition once state remedies have been exhausted.

Additionally, the Court finds the abstention doctrine precludes this Court's intervention in Petitioner's pending criminal prosecution. Federal courts generally should abstain from interfering in state criminal proceedings that (1) are ongoing, (2) offer an adequate forum to hear the petitioner's federal claims, and (3) implicate important state interests. *Younger v. Harris,* 401 U.S. 37, 43 (1971); *see Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). These three conditions are met in this case. Petitioner's state criminal proceeding is ongoing, and the prosecution of a person accused of violating state law implicates an important state interest. *See, e.g., Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (invoking *Younger* abstention in a case involving a pending state criminal prosecution, noting that the doctrine permits state courts to try state cases without a federal court's interference). Finally, the Kansas courts provide Petitioner with an adequate opportunity to present his federal claims.

To avoid application of the abstention doctrine, Petitioner must demonstrate "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); see *Younger*, 401 U.S. at 54 (recognizing an exception when the claimant shows "bad faith, harassment, or any other unusual circumstance that would call for equitable relief"). Notwithstanding Petitioner's broad claims that the Kansas courts are closed down and statutory time limits related to competency evaluations and involuntary

commitment cannot be met, the record discloses no factual allegations suggesting either that Petitioner would suffer irreparable injury if the state court proceedings were allowed to go forward or that the criminal charges were brought by the prosecutor with no hope of a valid conviction but merely to harass him.  The Court thus finds that all the *Younger* abstention conditions are satisfied in this case, and that Petitioner's action is subject to dismissal without prejudice.

### Motion for Leave to Proceed In Forma Pauperis (ECF No. 2)

The Court finds Petitioner lacks the financial resources to pay the costs of this action and grants Petitioner's motion for leave to proceed in forma pauperis.  *See* D. Kan. R. 9.1(g) (governing in forma pauperis applications in prisoner actions).

### Motion for Injunctive Relief (ECF No. 4)

Mr. Jones asks the Court to order the state court to allow him to file a state habeas action. He alleges he received a letter stating all his proceedings have been stayed due to mental incompetency, which he claims is the reason his attempts to file a state habeas action under § 60-1501 action have been rejected.  Petitioner does not provide a copy of the letter.  He did provide copies of other letters from state court clerks, none of which state he cannot file a § 60-1501 petition.  The letters express confusion over what he is attempting to file and provide him with guidance.

A movant seeking a preliminary injunction to remedy an alleged constitutional violation must establish "four factors: (1) a likelihood of success on the merits [of his described claim]; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and (4) that the injunction is in the public interest." *White v. Kansas Dep't of Corr.*, 617 F. App'x 901, 904 (10th Cir. 2015) (*quoting RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1208 (10th Cir. 2009)).

The Court cannot find that success on the merits is likely and or that Petitioner will suffer irreparable harm in the absence of injunctive relief.  As a result, Petitioner's motion is denied.

### Motion for Preliminary Injunction (ECF No. 10)

Mr. Jones asks the Court to order the respondent to release and/or compensate him for "quantum repeater dot research."  ECF No. 10, at 2.  He attempts to explain his theories and the "convergence of coincidences [he] associate[s] with a singularity of significant statistical data that spell out the future."  *Id.* at 5.

Petitioner's motion is denied.

### Motions to Compel Response (ECF Nos. 12, 13, 14)
### Motion for Court to Order Release (ECF No. 15)

Petitioner repeatedly asks that Respondent be compelled to answer his petition.  Petitioner also asks to be released for now and have the charges against him refiled after COVID-19 is gone.  Petitioner argues all writs in the state courts are "stayed or not hearable" due to COVID-19.  ECF No. 13, at 1.  He repeatedly argues the state has not or cannot comply with Kansas statutes governing involuntary commitment and that he is beyond the statutory "limit of 90 days without [a] prognosis report that states he could obtain competency in 6 months."  ECF No. 15, at 1.  Mr. Jones argues therefore he should be released.

As explained above, Petitioner must exhaust his state remedies before attempting to obtain relief in federal court.  Consequently, this action is subject to dismissal and Petitioner's motions are denied.

### Conclusion

The Court directs Petitioner to show cause why this action should not be summarily dismissed without prejudice for failure to exhaust the remedies available to him in the Kansas courts and due to application of the abstention doctrine.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **June 29, 2020**, to show cause why this matter should not be dismissed as barred by the exhaustion requirement. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Petitioner's remaining pending motions (ECF Nos. 4. 10, 12, 13, 14, and 15) are **denied**.

**IT IS SO ORDERED.**

**DATED:  This 29th day of May, 2020, at Topeka, Kansas.**


　　　　　　　　　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　　　　　　　　　**SAM A. CROW**
　　　　　　　　　　　　　　　　　**U.S. Senior District Judge**