# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

                        Petitioner,

        v.                                                CASE NO. 20-3056-SAC

DOUGLAS COUNTY JAIL,

                        Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and entered an Order to Show Cause (Doc. 18) ("OSC") directing Petitioner to show cause why this matter should not be dismissed.  This matter is before the Court on Petitioner's Responses (Docs. 22, 24, and 26), as well as several motions.

### Background

Mr. Jones states he is a pretrial detainee awaiting a competency evaluation in connection with Case No. 2019-CR-1075 in Douglas County, Kansas.  He has been charged with two drug-related felony offenses as well as driving while his license is suspended.  Petitioner complains about the amount of time between his arrest and the order for a competency evaluation, the amount of time it takes for the evaluation to occur, and the need for another evaluation when he was previously found to be incompetent.  He also complains about an incident that occurred at the Douglas County Jail.  Petitioner requests release from custody.

1

On May 29, 2020, this Court entered the OSC, directed Petitioner to show good cause why his Petition should not be dismissed for failure to exhaust his state court remedies and based on abstention.

## Analysis

The Court found in the OSC that Petitioner had not satisfied the exhaustion prerequisite to seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1). Petitioner has filed numerous responses, memoranda, motions, and supplements in this matter. One, ECF No. 45, purports to show that he has exhausted his state court remedies. While it shows he had a habeas corpus action summarily dismissed by the Kansas Supreme Court, Petitioner has not shown that the issues raised there were the same as the issues he raises here.

As for the issues Petitioner raises here, he claims his Sixth, Eighth, and Fourteenth Amendment rights were violated in addition to the Kansas statutes related to competency proceedings, K.S.A. 22-3301, et seq. He states the decision or action he is challenging is "staying of court proceedings beyond limits 60, 90 days – K.S.A. 22-3301, 22-3302, 22-3303." ECF No. 1, at 2.

While Petitioner cites constitutional amendments, his argument is based entirely on state law. "A habeas petitioner is only entitled to relief, however, for alleged violations of federal rights, not for errors of state law." *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) (*citing Estelle v. McGuire*, 502 U.S. 62, 67 (1991)); *Blaurock v. Kansas*, 686 F. App'x 597, 613 (10th Cir. 2017). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68.

Even if Petitioner had done more than merely list constitutional amendments, he has not raised a valid claim for violation of his federal constitutional right to a speedy trial. "In

2

determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant." *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009). However, a court only reaches the final three factors of this analysis if it first determines the delay is presumptively prejudicial. *Id.* ("The first factor, length of delay, functions as a triggering mechanism and the remaining factors are examined only if the delay is long enough to be presumptively prejudicial." (internal quotation marks omitted)); *Jackson v. Ray*, 390 F.3d 1254, 1262 (10th Cir. 2004). Delays approaching one year are generally considered presumptively prejudicial. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) ("Delays approaching one year generally satisfy the requirement of presumptive prejudice."); *Jackson*, 390 F.3d at 1262. Because the delay involved here appear to fall short of a presumptively prejudicial delay, the other factors are not reached and Petitioner has not made a valid claim of the denial of his constitutional right to a speedy trial.

Moreover, even if Petitioner had shown presumptively prejudicial delay, his speedy trial claim would be foreclosed by the issue of his competency to stand trial. "It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992).

Petitioner, in his many filings, makes other allegations and attempts to raise other claims. For example, in a supplement to the Petition, he alleges that China has developed a God Machine that tells the police and the courts what to do. ECF No. 5, at 4. Mr. Jones states, "I want released as the whole world shall become my prison." ECF No. 5, at 2. In another supplement, he complains about an incident where a jail official refused to accept an outgoing letter because he

did not have a stamp on it.  ECF No.7, at 2.  Petitioner then filed exhibits in support of that claim.

*See* ECF No. 9.  He also filed a memorandum asking the Court to order the Douglas County Jail

to create a new rulebook and grievance protocol to match federal and Kansas Department of

Corrections standards.  *See* ECF No. 39.  Finally, in his Petition, he claims, "On 01-14-2020

Douglas County Jail officer inadvertently asked an inmate to assault a mentally ill inmate."

Any claims Petitioner has challenging the conditions of his confinement do not arise under

Section 2241.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10ᵗʰ Cir.

1997).  Petitioner may not bring his claims regarding conditions at the Douglas County Jail or

incidents that occurred there in a habeas corpus action; rather, he must proceed, if at all, in a civil

rights action.  The Court finds these claims are not properly before the Court and offers no opinion

on their merits.

Accordingly, the Court finds that the Petition must be denied.

**Pending Motions**

Petitioner has filed seven pending motions, three of which are motions for preliminary

injunctive relief.  ECF No. 23 asks the Court to order a Douglas County District Court judge to

stop forcing him to use his appointed attorney and to order the Douglas County Jail to change its

legal mail postage policy.  *See* ECF No. 23.  ECF No. 30 asks the Court to strike presentence

investigative reports of all kinds past and present.  ECF No. 36 asks the Court to order the Douglas

County Jail to allow grievances to be heard and stop violation of Petitioner's civil right to access

the courts.  *See* ECF No. 36, at 3.

A movant seeking a preliminary injunction to remedy an alleged constitutional violation

must establish "four factors: (1) a likelihood of success on the merits [of his described claim]; (2)

a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the

balance of equities tips in [his] favor; and (4) that the injunction is in the public interest." *White v. Kansas Dep't of Corr.*, 617 F. App'x 901, 904 (10th Cir. 2015) (*quoting RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1208 (10th Cir. 2009)).

The Court cannot find that success on the merits is likely and or that Petitioner will suffer irreparable harm in the absence of injunctive relief.  As a result, Petitioner's motions for injunctive relief (ECF Nos. 23, 30, and 36) are denied.

Petitioner's remaining motions request that the Court order the state court to release him on bond (ECF Nos. 38 and 43), reconsideration of the decisions to deny him, as a three-strikes litigant, in forma pauperis status in two of his civil rights cases (ECF No. 41), and acknowledgement that there has been "A.I." (artificial intelligence) intervention in his various cases (ECF No. 44).  Because the Petition is denied and because the motions lack merit, all pending motions are denied.

**IT IS THEREFORE ORDERED** that the Petition is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's pending motions (ECF Nos. 23, 30, 36, 38, 41, 43, and 44) are **denied**.

**IT IS SO ORDERED.**

**DATED:  This 15th day of March, 2021, at Topeka, Kansas.**

**s/_Sam A. Crow_____**
**SAM A. CROW**
**U.S. Senior District Judge**

5