## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

                     **Petitioner,**

       **v.**                                   **CASE NO. 20-3056-SAC**

DOUGLAS COUNTY JAIL,

                     **Respondent.**

### MEMORANDUM AND ORDER

On March 15, 2021, the Court issued an order denying Mr. Jones's Petition for Writ of Habeas Corpus. ECF No. 51. This case is now before the Court upon Petitioner's motion to alter or amend judgment. ECF No. 53.

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Grounds warranting Rule 59(e) relief include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are not meant for "revisit[ing] issues already addressed or advanc[ing] arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of Paraclete*, 204 F.3d at 1012). "[O]nce the district

court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929.

In the order dismissing the Petition, the Court found that Petitioner had not shown that he exhausted his state court remedies, that his Petition is based entirely on alleged violations of state law, and that he has not raised a valid claim for violation of his federal constitutional right to a speedy trial.  Petitioner's motion to alter or amend continues to focus primarily on state law.

Petitioner first rehashes the basis for his Petition: that the state has violated K.S.A. 22-3301, *et seq*., Competency of Defendant to Stand Trial.  He also again argues his Sixth Amendment right to a speedy trial has been violated.

Then, Petitioner again alleges he has exhausted his state court remedies.  He refers to Case No. 20-123,025 in the Kansas Supreme Court, an appeal to the Tenth Circuit (perhaps the interlocutory appeal in this case), and a petition for certiorari filed in the U.S. Supreme Court (Case No. 19-8857), stating these cases were "all because <u>forced</u> court appointed Dakota Loomis would NOT initiate appeal to Kansas Court of Appeals, and further Douglas County Court failed to docket 60-1501, and Judge denied <u>60-1507</u> because Petitioner had a lawyer and couldn't docket a appeal pro-se . . . all because Petitioner is <u>still incompetent</u>."  ECF No. 53, at 2.  It appears from records filed by Petitioner and online records that Mr. Jones filed a petition for writ of habeas corpus in the Kansas Supreme Court (Case No. 123,025), which was summarily dismissed.  In its order, the Kansas Supreme Court did not describe the basis for Petitioner's claim; the court simply stated that "[t]o avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional nature. Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief."  *Jones v. State*, No. 123,025 (Kan. Sept. 24, 2020); ECF No. 45, at 3.

However, there is no indication that he raised the issue that he appears to be raising here: the violation of the time limits set by K.S.A. 22-3301, *et seq.*

Petitioner fails to demonstrate good grounds for altering or amending the judgment.  For this reason, Petitioner's motion (ECF No. 53) is denied, and the Petition remains dismissed.

The rules applicable to proceedings under 28 U.S.C. § 2254 provide that the district court may apply those rules in other habeas matters.  *See*, Rules Governing Habeas Cases Under § 2254. Rule 11 of those rules, which the Court applies in these § 2241 proceedings[1], requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.  A petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id.* at 485.

The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** no Certificate of Appealability will issue.

---

[1] The COA requirement is applicable to these proceedings.  "A state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'"  *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000)(quoting 28 U.S.C. § 2253(c)(1)).

**IT IS FURTHER ORDERED THAT** the Petitioner's Motion to Alter or Amend Judgment (ECF No. 53) is **denied.**


**IT IS SO ORDERED.**

**DATED:  This 14th day of April, 2021, at Topeka, Kansas.**


s/_Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**